RECEIVED BY MAIL
MAY 29 2008
CLERK US DIST COURT MINNEAPOLIS MN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>VS.<br>BRANDON OMAR YARBOROUGH<br>Defendant | 00-125 JRT/FLN<br><br>MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |

Defendent, pro se, comes before this court seeking the reduction of his prison sentence pursuant to 18 U.S.C. § 3582(c)(2)(2000). He asks that this court give retroactive effect to Amendment 706 under U.S.S.G. § 1B1.10 and reduce his sentence from 151 months to 121 months by reducing Defendant's Base Offense Level by two levels. The Sentencing Commission has expressly designated Amendment 706 as one that may be applied retroactively. U.S.S.G. §1B1.10(c), p.s. (2000).

The district court makes two determinations in deciding whether or not to modify a sentence under 18 U.S.C. §1B1.10(b), p.s. The district court determines what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing, leaving untouched all other previous factual decisions concerning particularized

SCANNED
MAY 29 2008
U.S. DISTRICT COURT ST. PAUL

sentencing factors. See United States v. Wyatt, 115 F. 3d 606, 609 (8th Cir. 1997). Such factors include, inter alia, role in the offense, obstruction of justice, victim adjustments, more than minimal planning, and acceptance of responsibility. Id.

In this particular case, the Defendent had a Total Offense Level of 31, and with a catagory IV crimal history, received 151 months. Accordingly, the district court should simply determine the Guideline range that would have applied in this case had Amendment 706 been in effect ab initio. Here, the relevant Guideline range would be 121 months, as opposed to the pre-Amendment's 151 months.

Having established the applicable Amendment guideline range, the court next considers the factors contained in 18 U.S.C. § 3553(a) and, in the ~~excercize~~ exercize of its thus informed discretion, decide whether or not to modify the original sentence previously imposed. Wyatt, 115 F 3d at 609, 18 U.S.C. § 3582(c)(2). The factors set forth in § 3553(a) are the following: (1) the nature and circumstances of the offense and the history and characteristics of the defendent; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the ap-

plicable sentencing range under the Guidelines; and (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants; and (7) the need to provide restitution to victims U.S.C. § 3553(a). Put more succinctly, the statute requires the sentence imposed to be minimally sufficient to satisfy concerns of retribution, general deterrence, specific deterrence, and rehabilitation.

When the defendent was sentenced in ~~febuar~~ February of 2001, Your Honorable Judge Tunhiem, in response to a letter written by the Defendant requesting the lowest possible manditory sentencing, stated that he had considered the request, but due to the Federal Sentencing Guidelines had no power to sentence according to how he pleased. Based on this statement, now that some power has been returned lawfully, the Defendent requests the court resentence him pursuant to the authority granted by 18 U.S.C. § 3852(c)(2) and §§ 1B1.10. ~~on~~ While Mr. Yarborough has been incarcerated, he has made active steps toward correcting his past actions. In August of 2002, he married Kelly Jeanne Sadowski (now Kelly Jeanne Yarborough), the woman who showed up to all of his

court appearances. See Exhibit "A" attached. He has participated in several educational programs. In March, 2002, he completed 24 hours of instruction in the course Unlimited Power: A Personal Choice. See Exhibit "B" attached. In August, 2004, he completed a 5 week Anatomy and Physiology class. See Exhibit "D" attached. In the same month, he completed 48 hours of instruction in Parenting From A Distance. See Exhibit "F" attached. In February, 2005, he completed the Voices From Inside work shop, a program designed to detour at-risk youth. See Exhibit "G" attached. In January, 2007, he completed 304 contact hours and 36.48 continuing education units in VT AutoCAD Computer Aided Design through Century College. See Exhibit "M" attached. And in May, 2007, he received a certificate in Business Management from Illinois Central College, (See Exhibit "N" attached) in which he made the President's Honor List with a 4.0 grade point average. See Exhibits "O" and "P". In July, 2007, he completed 12 hours of instruction in Basic Spanish. See Exhibit "Q" attached. Mr. Yarborough has been studying Spanish the entire time he has been incarcerated and is now bilingual with Spanish as his second language.

Also, Mr. Yarborough has contributed to his current community by instructing inmate taught continuing

education classes. In September, 2002, he instructed a 12 week Basic Drawing class. See Exhibit "C" attached. From 2004 to 2006, he instructed consecutive Yoga classes in the Recreation Department. See Exhibit "E" attached. In February, 2006, he manually instructed a 5 week Heart Health and Awareness class and a 5 week Benefits of Breath Regulation class, and in May, 2006, a five week Muscle Fitness class. See Exhibits "I", "J", and "K".

Additionally, Mr. Yarborough has been a role model for other inmates and has actively sought to rehabilitate himself. In October, 2005, he completed 20 hours of training from Victim Impact Panel, where offenders examine the effects of their crimes on the victims. See Exhibit "H" attached. In May, 2006, he competed in the Memorial Day Ranger Challenge and placed 5th. See Exhibit "L" attached. And since 2005, he has participated in Crossroads, a youth outreach program where he talks to at-risk youth about making the correct ~~decisions~~ decisions in life. He is currently still apart of this program.

In conclusion, Mr. Yarborough respectfully requests that this court grant his Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and enter a sentence of 121 months imprisonment, the bottom

of the new guideline range.

Respectfully submitted,
BRANDON OMAR YARBOROUGH,
Pro Se

Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555-5000

06/27/08