UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON YARBOROUGH,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal No. 00-125 (JRT)<br><br>**MOTION FOR SENTENCE REDUCTION PURSUANT TO § 3582(c) AND § 3553(a)** |

Mr. Yarborough, through counsel, moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c), U.S.S.C. § 1B1.10, and the new guidelines applicable in crack cocaine cases, found at U.S.S.C. § 2D1.1. A simple application of the amended guidelines results in a revised sentence range of 121-151 months. We ask the Court to resentence Mr. Yarborough at the bottom of that range, a result which is supported by factors set forth in 18 U.S.C. § 3553(a) and by the Supreme Court's recent sentencing jurisprudence.

## I. A Basic Application of 18 U.S.C. § 3582(c) and U.S.S.G. §§ 1B1.10 and 2D1.1 Supports a Sentence at Offense Level 29, a Two-Level Reduction.

The United States Sentencing Commission recently reduced the guidelines applicable to crack cocaine cases and made those reductions retroactive. U.S.S.G. § 1B1.10 and § 2D1.1. When the new guidelines are applied to Brandon Yarborough's

case, his total offense level is reduced from 31 to 29. Because he had 9 criminal history points, he was placed in criminal history category IV. The old guideline range was 151-188 months. The new range is 121-151 months. A 120-month mandatory minimum sentence is imposed by operation of statute. 21 U.S.C. § 841(b)(1)(A).

At Mr. Yarborough's original sentencing, the Court sentenced him to 151 months, the bottom of the range then applicable. If the Court upon resentencing embraced a sentence at the bottom of the new range, the resulting sentence would be 121 months.

Mr. Yarborough respectfully urges the district court to grant him the full reduction contemplated by the new guidelines. First, Mr. Yarborough has grown in a positive direction during his time in prison. He has incurred four comparatively minor incident reports during his time in custody. Above and beyond these, it is clear that Mr. Yarborough's conduct has in all other respects been commendable. He has taken advantage of his time in prison. His active engagement in his own rehabilitation, reflected in his taking advantage of the available programming, began long before a sentence reduction for persons convicted of crack cocaine offenses was a possibility. The Bureau of Prisons' Sentry and other data reflect his completion of courses that include drug education, Spanish, parenting, business management, computer aided design, and health and wellness. He participated on a victim impact panel in 2005, and was placed on the president's honor list at Illinois Central College in Fall 2006, having achieved a 4.0 grade point average. He has taught classes to other inmates in basic drawing and a variety

of health areas. Copies of some of the certificates reflecting these activities have been forwarded to the Court and counsel under separate cover. Mr. Yarborough impressed counsel as an unusually bright, thoughtful and, notwithstanding his criminal record, accomplished young man, at the time of the original case. His activities in custody show that these observations remain accurate.

The details of Mr. Yarborough's original offense also support a full, two-level sentence reduction, and more. There is no allegation that Mr. Yarborough engaged in violence during the course of the offense. Nor did he obstruct justice, and in contrast he accepted full responsibility for his crimes. He played an average role; no role enhancement was applied.

All of these facts support a finding by the Court that Mr. Yarborough will not pose a threat to public safety if a sentence reduction is granted. See § 1B1.10, application note 1(B). Instead, Mr. Yarborough is ready to get out, be a father to his children, find a job and take advantage of the progress he's made while in custody.

**II. Conclusion**

In sum, Mr. Yarborough prays that the Court reduce his sentence. We suggest that a basic application of the new retroactive guidelines could and should result in a reduction to a sentence of 121 months.

Dated: July 21, 2008

Respectfully submitted,

*s/ Andrew H. Mohring*

_______________________________

ANDREW H. MOHRING
Attorney No. 190731
Attorney for Defendant
Office of the Federal Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415